# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. 06-00880-001 |
| | | *United States District Court Judge* |
| -vs.- | : | *Katharine S. Hayden* |
| | | |
| DAVID GROBER, | : | |
| | | **MOTION SEEKING DECLARATION** |
| *Defendant*: | | **THAT MANDATORY MINIMUM PROVISION OF 18 U.S.C. SECTION 2252(b) IS INAPPLICABLE IN THIS CASE BASED ON CONSTITUTIONAL AND STATUTORY SENTENCING LAW** |

To:      Clerk, United States District Court
         Martin Luther King, Jr. Federal Building & Courthouse
         50 Walnut Street
         Newark, New Jersey 07102

         Honorable Katharine S. Hayden
         United States District Court Judge
         United States District Court
         Frank R. Lautenberg
         U.S. P.O. Courthouse Building
         Room 311, P.O. Box 999
         Newark, New Jersey 07101-0999

         Shana W. Chen, Assistant U.S. Attorney
         United States Attorney's Office
         970 Broad Street, Room 700
         Newark, New Jersey 07102

         Marion Percell, Assistant United States Attorney
         Appellate Division
         United States Attorney's Office
         970 Broad Street
         Newark, New Jersey 07102

Ms. Randi Martorano, Senior United States Probation Officer
United States District Court
Probation Office-District of New Jersey
United States Courthouse
50 Walnut Street, Room 1005
Newark, New Jersey 07101

**PLEASE TAKE NOTICE**, that the Defendant, David Grober, by his co-counsel Brian J. Neary, Esq., Law Offices of Brian J. Neary, 21 Main Street, Court Plaza South, East Wing, Hackensack, New Jersey 07601 and Peter W. Till, Esq., Law Offices of Peter W. Till, 105 Morris Avenue, Suite 201, Springfield, New Jersey will move before the Honorable Katharine S. Hayden, U.S.D.J., United States District Court, for the District of New Jersey, Newark, N.J. on Monday, December 8, 2008, at 9:00 a.m. or at such other date and time as the Court shall move for a declaration that the mandatory minimum sentencing provision set forth in 18 U.S.C. § 2252(b) cannot, given the unique facts of this case, lawfully limit the exercise of sentencing authority by the sentencing judge.

As further set forth hereinbelow, both constitutional jurisprudence and applicable statutory law indicate that, in a case of this nature, a district judge must have authority to impose a sentence no "greater than necessary" to achieve the traditional purposes of punishment that Congress has set forth in 18 U.S.C. § **3553(a)(2).**

2

On the return date of such motion, the Defendant will rely upon the annexed Brief, as well as oral argument.

**LAW OFFICES OF BRIAN J. NEARY**
Co-Counsel for the Defendant
David Grober

By: /s/ Brian J. Neary
       Brian J. Neary

**LAW OFFICES OF PETER W. TILL**
Co-Counsel for the Defendant
David Grober

Dated December 1, 2008         By: _____
                                      Peter W. Till

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that an original and two (2) copies of the within Notice of Motion and Memorandum of Law were electronically filed and also served upon:

>Clerk, United States District Court
>Martin Luther King, Jr. Federal Building & Courthouse
>50 Walnut Street
>Newark, New Jersey 07102

and a copy has been served upon:

>Honorable Katharine S. Hayden
>United States District Court
>Frank R. Lautenberg
>U.S. P.O. Courthouse Building
>Room 311, P.O. Box 999
>Newark, New Jersey 07101-0999

>Shana W. Chen, Assistant U.S. Attorney
>United States Attorney's Office
>970 Broad Street, Room 700
>Newark, New Jersey 07102

>Marion Percell, Assistant United States Attorney
>Appellate Division
>United States Attorney's Office
>970 Broad Street
>Newark, New Jersey 07102

>Ms. Randi Martorano, Senior United States Probation Officer
>United States District Court
>Probation Office
>District of New Jersey
>United States Courthouse
>50 Walnut Street
>Room 1005
>Newark, New Jersey 07101

*/s/ Peter W. Till*
Peter W. Till

DATED: December 1, 2008

4

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. 06-00880-001 |
| | | *United States District Court Judge* |
| -vs.- | : | *Katharine S. Hayden* |
| DAVID GROBER, | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION SEEKING DECLARATION THAT MANDATORY MINIMUM PROVISION OF 18 U.S.C. § 2252(b) IS INAPPLICABLE IN THIS CASE BASED ON CONSTITUTIONAL AND STATUTORY SENTENCING LAW

**BRIAN J. NEARY, ESQ.**
**LAW OFFICES OF BRIAN J. NEARY**

**PETER W. TILL, ESQ.**
**LAW OFFICES OF PETER W. TILL**

# TABLE OF CONTENTS

# TABLE OF CONTENTS

Procedural Background..................................................................3

Argument and Citation to Authority

    I.    In This Case A Severe and Rigid Limitation on this Court's Sentence Discretion Would Be Unconstitutional as an Infringement of Equal Justice and Structural "Separation Of Powers" Principls..................................................................5

    II.    The Eighth Amendment's Concern for Individuality and Proportionality Precludes Placing a Draconian and Severe Statutory Limiting on a Sentencer's Authority and Discretion to Craft a Just and Effective Sentencing Term..................................................................9

    III.    Statutory Law and Principles after the Supreme Court of the United States' Decision in Booker Precludes Placing a Limiting on a Sentencer's Authority and Discretion to Craft a Just and Effective Sentencing Term......................12

Conclusion..................................................................16

## **PROCEDURAL BACKGROUND**

With each and every passing day that a guilty plea was not accepted and in the face of escalating prison time exposure, David Grober in late 2007 entered a plea of guilty without a plea agreement to a federal indictment charging him with various crimes involving the receipt and possession of child pornography.

Since his initial plea and through extensive sentencing proceedings, David Grober (through counsel) has genuinely believed and his counsel has consistently contended that the statutory purposes of punishment and society's interests would be best served by a sentence that did not include a significant term of imprisonment. In conjunction with these contentions, this Court has received testimony from clinical experts and others documenting the extensive program of counseling and rehabilitation that David Grober has and continues to go through, well before and certainly during the pendency of these proceedings.

This Court has most recently indicated again that it believed its sentencing discretion was bound by the mandatory minimum sentencing provision found in 18 U.S.C. § 2252(b), requiring the imposition of a sentencing term of no less than five years' imprisonment. In this application, David Grober is challenging the constitutionality and the applicability of this mandatory minimum sentencing provision based on the unique facts of this case and the evidence developed during sentencing proceedings. As will be further argued below, restricting this Court's sentencing discretion to require the imposition of a prison term of no less than five years, raises serious constitutional

3

questions and contradicts other controlling sentencing authority.

Based on evolving principles of constitutional jurisprudence and applicable statutory law, David Grober seeks a declaration that, given the unique facts and evidence developed in this case, a district judge must have authority to impose a sentence no "greater than necessary" to achieve the traditional purposes of punishment that Congress has set forth in 18 U.S.C. § 3553(a)(2).

## ARGUMENT AND CITATION TO AUTHORITY

### I. In This Case A Severe and Rigid Limitation on this Court's Sentence Discretion Would Be Unconstitutional as an Infringement of Equal Justice and Structural "Separation of Powers" Principles

The Supreme Court of the United States has previously anticipated that "[c]oncern with assuring equal protection was part of the fabric of our Constitution even before the Fourteenth Amendment expressed it most directly in applying it to the States" and has repeatedly "held that the Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws." *Vance v. Bradley*, 440 U.S. 93, 95 n.1 (1979). In the context of criminal prosecutions, the Supreme Court of the United States has also explained that a facially valid law can be applied "with a mind so unequal and oppressive as to amount to a practical denial by the State of that equal protection of the laws" because, even when "the law itself [is] fair on its face and impartial in appearance, . . . , if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the Constitution." *Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1886).

There is considerable anecdotal and empirical evidence before this Court indicating that many federal defendants with whom David Grober is similarly situated are not subject to federal prosecution or are allowed by federal prosecutors to plead guilty to

5

child pornography possession charges that do not place any legal limits on a district court's sentencing discretion. The Government has not yet come forward with any significant or plausible justification for its seemingly arbitrary decision to refuse to allow David Grober to plead guilty to charges that do not include mandatory minimum sentencing provisions while it has allowed similarly situated defendants to do so. Even if the Government's charging and bargaining choices are subject only to rational basis review, the Government has an obligation to come forward with a constitutionally valid justification for treating David Grober differently than other similarly situated defendants.

Moreover, though David Grober and his counsel struggle to find a rational basis to support the application of the severe mandatory minimum prison term to an undisputed first-offender guilty of more than downloading and sharing illegal pictures, <u>in this motion David Grober suggests that rational basis review is not the standard for assessing his fundamental claim of unequal and inequitable governmental treatment. Rather, the real gravamen of David Grober's equal protection claim centers upon the inconsistent and oppressive application of severe mandatory minimum sentencing provisions.</u> As explained by the Supreme Court of the United States in *Yick Wo*, even a facially valid statute that survives rational basis review in general can still be applied "with a mind so unequal and oppressive as to amount to a practical denial by the State of that equal protection of the laws" because, even when "the law itself [is] fair on its face and impartial in appearance, . . . if it is applied and administered by public authority with an

6

evil eye and an unequal hand . . . the denial of equal justice is still within the prohibition of the Constitution." 118 U.S. at 373.

David Grober most respectfully believes and contends that his case shows the administration of the law with "an unequal hand," and this view is supported by a factual record of circumstantial evidence of "oppressive" governmental decisions — ranging from the government's initial efforts to effectively insist and otherwise coerce an oppressive plea deal (by threatening a sentence of many decades) to the government's continued arguments that David Grober must be sentenced to 20 or more years of federal imprisonment. Even accepting some rational basis supporting the application of a five-year mandatory minimum sentencing term for defendants otherwise seriously involved in the business of receiving and distributing child pornography, this case undisputedly reflects the application and administration of this criminal law "by public authority with an evil eye and an unequal hand" in a manner that the Supreme Court recognized over 130 year ago could be unconstitutional in light of fundamental equal justice principles. Specifically, in light of the unique facts of this case, David Grober submits that, because he is hard-pressed to imagine a sound rationale for the Government's extreme and unexplained discretionary charging and bargaining choices, his rights to equal protection and dues process under the Fifth Amendment were violated because the prosecutors applied and administered federal law "with an evil eye and an unequal hand."

Moreover, the fact that the Government repeatedly asserts that the district court must impose a sentence of at least five years' imprisonment, regardless of the facts developed throughout the sentencing proceedings, further spotlights the separation of powers problems raised by this case. It is fair and accurate to say that the federal judicial branch is not fully deciding upon a sentence for David Grober; rather, the federal executive branch has controlled aspects of the sentencing process through the prosecutors' extreme charging and bargaining decisions that they contend serve to rigidly limit this Court's sentencing authority.

In this case, if the mandatory minimum sentencing provision rigidly restricts this Court's sentencing discretion, prosecutors have in essence have already effectively acted as David Grober's sentencing judge, a reality that raises serious separation of powers concerns that this Court can and should address not merely to avoid a sentencing injustice in this case, but also to safeguard critically important structural principles that are at the foundation of the Framers' entire constitutional design. *Cf. Mistretta v. United States*, 488 U.S. 361, 390-91, 391 n.17 (1989) (stressing that "sentencing has been and should remain primarily a judicial function" and noting the serious constitutional questions that would be raised if Congress ever functionally "assigned judicial responsibilities to the Executive or unconstitutionally had united the power to prosecute and the power to sentence within one Branch").

8

## II. The Eighth Amendment's Concern for Individuality and Proportionality Precludes Placing a Draconian and Severe Statutory Limiting on a Sentencer's Authority and Discretion to Craft a Just and Effective Sentencing Term

The Supreme Court of the United States has articulated a set of sentencing principles derived from the Eighth Amendment that include constitutional commands of individuality and proportionality.

Concerning sentencing individuality, the Supreme Court of the United States has stressed the Eighth Amendment's requirement "that the individual be given his due," *Eddings v. Oklahoma*, 455 U.S. 104, 112 (1982), and has discussed the constitutional importance of "the character and record of the individual offender and the circumstances of the particular offense" in the sentencing process. *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976) (plurality); *see also Gall v. United States*, 128 S. Ct. 586, 598 (2007) ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."). Concerning sentencing proportionality, the Supreme Court of the United States has recently reiterated that the Eighth Amendment "*proscribes all excessive punishments,* as well as cruel and unusual punishments that may or may not be excessive [and its] protection against excessive or cruel and unusual punishments flows from the basic precept of justice that punishment for a crime should

9

be graduated and proportioned to the offense." *Kennedy v. Louisiana*,128 S. Ct. 2641, 2649 (2008) (emphasis added).

These pronouncements about the constitutional commands of individuality and proportionality at sentencing have come principally in cases involving the potential application of the death penalty. Prominent legal scholars have however, argued that limiting the application of these transcendent Eighth Amendment principles to death penalty cases "finds no support in the Constitution's text, history, or structure, and the functional arguments given by the Court to support its capital decisions apply with equal force to all other criminal punishments."  Rachel E. Barkow, *The Court of Life and Death: the Two Tracks of Constitutional Sentencing Law and the Case for Uniformity*, 107 Michigan Law Review ____ (forthcoming 2009); *see also* Youngjae Lee, *Judicial Regulation of Excessive Punishments through the Eighth Amendment*, 18 Federal Sentencing Reporter 234 (2006); Richard S. Frase, *Excessive Prison Sentences, Punishment Goals, and the Eighth Amendment: "Proportionality" Relative to What?*, 89 Minnesota Law Review 571 (2005).

Indeed, there is a perverse irony if these Eighth Amendment principles of individuality and proportionality do not protect defendants like David Grober: the Constitution's limit on extreme sentences would be essentially inapplicable because David Grober's crime is not sufficiently extreme to trigger the Amendment's full protections. As Professor Barkow's article effectively documents, it is difficult to explain

10

or justify why constitutional limits on extreme punishments fully protect only those defendants committing the most heinous crimes.

The transcendent importance and universal applicability of the Eighth Amendment principles of individuality and proportionality at sentencing suggests that, in light of the unique facts of this case, the Constitution cannot countenance or permit the mandatory minimum sentencing provision set forth in 18 U.S.C. § 2252(b) to limit the exercise of sentencing authority by this Court.

Treating David Grober as an individual and regarding his case as a unique study in human failings necessarily requires that this Court has sufficient discretion at sentencing to impose a fully justified punishment, unlimited by a rigid restriction demanding the imposition of a mandatory minimum term of at least five years of federal imprisonment.

### III. Statutory Law and Principles after the Supreme Court of the United States' Decision in <u>Booker</u> Precludes Placing a Limiting on a Sentencer's Authority and Discretion to Craft a Just and Effective Sentencing Term

Under the Sentencing Reform Act as it stands, following excision of several portions by the Supreme Court of the United States in *United States v. Booker*, 543 U.S. 220 (2005), proper application of principles of statutory construction lead to the conclusion that sentences specified in 18 U.S.C. § 2252(b) are no longer mandatory. At least as plain as the statutory requirement to impose a mandatory minimum sentence in this case is, the language of the Sentencing Reform Act provides that the Court "shall" in every case impose a sentence which is "not greater than necessary," 18 U.S.C. § 3553(a). (Significantly, the introductory language of § 3553(a) provides, without any "except as otherwise provided" or other exception, that a "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.")

In each case the statutory provisions of 3553(a) demands imposition of the sentence which is "minimally sufficient" to accomplish the purposes of punishment. See United States v. Serafini, 233 F.3d 758, 776 (3d Cir. 2000); United States v. Kikumura, 918 F.2d 1084, 1111 (3d Cir. 1990). This duty, like all provisions of Chapter 227 of title 18 (18 U.S.C. §§ 3551-3586), is applicable at every federal sentencing unless "otherwise specifically provided ...." Id. § 3551(a). Other mandatory minimum provisions do not specifically provide for sentencing without regard to the commands of Chapter 227;

12

accordingly, the Title 18 U.S.C. §§ 3551-3553 provisions prevail over any conflicting language.

Section 3551, which provides the key to resolving the conflict between the two statutes, states, in pertinent part that "a defendant who has been found guilty of an offense described in any Federal statute ... shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case." Nothing in the provisions calling for the imposition of a mandatory minimum in this case "specifically provide[s]" that sentencing here shall not be subject to § 3553(a) or its criteria. Accordingly, any seemingly mandatory minimum sentencing language should give way to the equally obligatory parsimony command of § 3553(a).

Looking at this issue from the other direction, there is no language in 18 U.S.C. § 3553(a) giving superseding weight to any so-called "mandatory" sentence contained in particular penalty provisions. To the contrary, the statute simply requires the Court to "consider" that provision in terms of what sentences are "available." *Id.* § 3553(a)(3). But as the Supreme Court of the United States teaches in *Booker*, when a supposedly mandatory provision (such as the Guidelines) is described in § 3553(a) as one that the Court is directed to "consider," then the provision is, in law, not really mandatory but rather "advisory." In other words, reading these two facially applicable but seemingly incompatible statutes together, post-*Booker* mandatory minimum sentencing provisions

13

of § 841(b) are no more mandatory than the Guidelines; instead, it is properly read as advisory, to be "considered" along with all the rest of the § 3553(a) factors, in order to arrive at the sentence which is, in the end, "sufficient, but not greater than necessary."

In short, considering all the pertinent statutory language, and applying all the applicable tools of statutory construction, it appears that the 1987 Sentencing Reform Act, following its severance and excision in 2005 in *Booker*, now works an implied amendment to any mandatory minimum clauses of other statutory provisions. *See Fasano v. Federal Reserve Bank*, 457 F.3d 274, 284-86 (3d Cir. 2006) (explicating and applying doctrine of implied amendment).

Finally, if there were any question or ambiguity about the correct interaction of these two statutory provisions, the rule of lenity would require application of § 3553(a) to modify the seemingly mandatory requirement of other sentencing provisions. *See United States v. R.L.C.*, 503 U.S. 291, 305 (1992); *Bifulco v. United States*, 447 U.S. 381, 387 (1980); *Busic v. United States*, 446 U.S. 398, 406-07 (1980); *United States v. Fenton*, 309 F.3d 825, 828 n.3 (3d Cir. 2002) (lenity rule applies to construction of criminal penalty provisions).

Accordingly, it is now clear that it is this Court's duty in this case is to impose a sentence which is "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), to fulfill the purposes of sentencing listed under 3553(a)(2).

## CONCLUSION

For all the reasons stated above, the Court ought properly grant the Defendant's Motion Seeking Declaration that the mandatory minimum provision of 18 U.S.C. Section 2252(b) is inapplicable in this case based on constitutional and statutory sentencing Law.

**BRIAN J. NEARY, ESQ.**
**LAW OFFICES OF BRIAN J. NEARY**
21 Main Court Plaza South
Hackensack, New Jersey 07601
(201) 488-0240
Co-Counsel for the Defendant
  David Grober

Brian J. Neary
/s/ Brian J. Neary


**PETER W. TILL, ESQ.**
**LAW OFFICES OF PETER W. TILL**
105 Morris Avenue, Suite 201
Springfield, New Jersey 07081
Co-Counsel for the Defendant
  David Grober

Dated: December 1, 2008

Peter W. Till

16